## Davis, to use, Appellants, *v* Neel.

*Judgment—Opening judgment—Landlord and tenant—Burden of proof—Evidence.*

On the trial of an issue to determine the validity of a judgment entered under a warrant contained in a lease, where the defendant claims that she was induced to execute the lease by reason of representations concerning the property, alleged to be false, the defendant is bound to satisfy the jury by the fair weight of the evidence that the things she claimed as vital and controlling were true in fact; and if she does so, a verdict in her favor will be sustained.

Argued May 5, 1915. Appeal, No. 202, April T., 1915, by plaintiffs, from judgment of C. P. Allegheny Co., Jan. T., 1913, No. 243, on verdict for defendant in case of F. Davis, for use of S. A. Thorniley and Chester Franzell, v. Mary Neel. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON and TREXLER, JJ. Affirmed.

Issue to determine the validity of a judgment entered under a warrant in a lease. Before FRAZER, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for defendant.    Plaintiffs appealed.

*Donald Thompson,* with him *Blakely & Calvert* and *Frank S. Delp,* for appellants.

*Saul Schein,* for appellee.

OPINION BY ORLADY, J., October 11, 1915:

A judgment was entered against the defendant, by virtue of a confession of judgment clause contained in a lease of defined property.    After occupying the premises for ten months the defendant, tenant, surrendered possession and presented her petition to open the judgment for reasons which were held to be sufficient, and an issue was framed between the use-plaintiffs, who purchased the premises from the original lessor, and this defendant. The question involved relates to the sufficiency of the evidence adduced, to establish false representations amounting to fraud in inducing the execution of the lease.

The only assignment of error is the refusal of the court to affirm the plaintiffs' point submitted at the trial, viz: Under all the pleadings and the evidence the verdict should be for the plaintiffs.

Ordinarily, a lessee's eyes are his bargain.    He is bound to examine the premises he rents and secure himself by covenants to repair and rebuild, Davis v. Pierce, 52 Pa. Superior Ct., 615, but the controlling question here, was the defendant induced to execute the lease by reason of the representations made to her in regard to clearing away lumber and fences that were objected to by her, so that when the houses were completed, she would have the free use of a yard.    To establish this fact, it was explained by the court to the jury, that she must satisfy them by the fair weight of the evidence that the things she claimed as vital and controlling were true in fact.    The jury adopted the defendants' version of the

controversy as correct, and there is sufficient relevant evidence to sustain it. There is no controversy in regard to the law applicable to such a case, and the disputed facts were fairly submitted to the only tribunal authorized to dispose of them.

The judgment is affirmed.,